## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings Under Chapter 11 |
| | ) | |
| **DOUBLE HELIX CORPORATION,** | ) | Case No. 25-40745 |
| d/b/a **KDHX COMMUNITY MEDIA,** | ) | |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S EMERGENCY MOTION FOR
AN ORDER PURSUANT TO SECTIONS 105(a) AND
366(b) OF THE BANKRUPTCY CODE (I) PROHIBITING
UTILITY COMPANIES FROM ALTERING, REFUSING OR
DISCONTINUING UTILITY SERVICES; (II) DEEMING UTILITY
COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE**

COMES NOW Double Helix Corporation d/b/a KDHX Community Media, the above-captioned Debtor and Debtor in Possession ("**Debtor**"), by and through its proposed undersigned counsel, hereby submits this motion (the "**Motion**") pursuant to sections 105(a) and 366(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), (i) prohibiting Debtor's utility service providers from altering, refusing or discontinuing utility services on account of unpaid prepetition invoices, and (ii) deeming Debtor's utility service providers adequately assured of future performance. In support of the Motion, Debtor respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory and legal predicates for the relief requested herein are sections 105(a) and 366(b) of the Bankruptcy Code.

**Background**

3. On March 10, 2025 (the "**Petition Date**"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the instant case (the "**Chapter 11 Case**"). Debtor continues to manage and operate its business as Debtor in Possession under sections 1107 and 1108 of the Bankruptcy Code.

4. No trustee, other than the Subchapter V Trustee, examiner or official committee has been appointed in the Chapter 11 Case.

**The Utility Services and Utility Companies**

5. In the normal course of operation of its business, Debtor obtains phone and internet services (collectively, the "**Utility Services**") from various utility companies (the "**Utility Companies**").[1] A list of Utility Companies that provide Utility Services to Debtor as of the Petition Date is attached as **Exhibit A** (the "**Utility Service List**").[2] While there is fluctuation, on average, Debtor has historically spent approximately $5000.00 per month on its Utility Services.

6. In general, Debtor has established a good payment history with virtually all of the Utility Companies and has made payments on a regular and timely basis. To the best of Debtor's knowledge, there are no material defaults or arrearages of any significance with respect to Debtor's

---

[1] Section 366 of the Bankruptcy Code applies to entities that provide services that are traditionally provided by "utilities," including services that cannot be readily obtained or replaced elsewhere or which constitute a monopoly with respect to the service provided. *See In re One Stop Realtour Place, Inc.*, 268 B.R. 430 (Bankr. E.D. Pa. 2001) (mobile phone service provider was a utility); *In re Good Time Charlie's Ltd.*, 25 B.R. 226 (Bankr. E.D. Pa. 1982) (landlord was a utility because it was the sole source of electrical supply to debtor-tenant).

[2] Debtor has endeavored to identify all of the Utility Companies and list them on Exhibit A hereto. However, inadvertent omissions may have occurred, and the omission from Exhibit A of any entity providing utility services to Debtor shall not be construed as an admission, waiver, acknowledgement or consent that section 366 of the Bankruptcy Code does not apply to such entity. If Debtor identifies any entity that was inadvertently excluded from Exhibit A, it will promptly provide such entity with a copy of the Proposed Order and the Motion.

undisputed Utility Services invoices, other than payment interruptions that may be caused by the commencement of the Chapter 11 Case.

### Relief Requested

7. By this Motion, Debtor seeks entry of an order pursuant to sections 105(a) and 366(b) of the Bankruptcy Code (a) prohibiting the Utility Companies from altering, refusing or discontinuing Utility Services on account of prepetition invoices, including the making of demands for security deposits or accelerated payment terms; and (b) determining that Debtor has provided each of the Utility Companies with "adequate assurance of payment" within the meaning of section 366 of the Bankruptcy Code (the "**Adequate Assurance**"), based, *inter alia*, on Debtor's establishment of a deposit equal to two weeks of Debtor's estimated monthly cost of the Utility Services, calculated as a historical average over the past twelve months, less any deposit already held by any Utility Company; *provided, however*, that such deposit may be adjusted by Debtor to account for the termination of certain Utility Services by Debtor on account of any closed business locations or by agreement between Debtor and the affected Utility Company.

### Basis for Relief

8. The Utility Services are essential to operation of Debtor's business and will continue to be necessary during the Chapter 11 Case. The termination or cessation (even if only temporary) of Utility Services because of payment defaults related to prepetition Utility Services would result in a significant disruption to Debtor's business operations. Such disruptions could result in substantial and irreparable harm to Debtor and would impair Debtor's efforts to preserve and maximize the value of its estate during the Chapter 11 Case. It is therefore critical that the Utility Services continue uninterrupted.

9. Section 366 of the Bankruptcy Code provides that, in a chapter 11 case, during the initial thirty days after the commencement of such case, utilities may not alter, refuse or

3

discontinue service to, or discriminate against, a debtor solely on the basis of the commencement of its case or the existence of prepetition debts owed by the debtor. After the thirty-day period, however, under section 366(c) of the Bankruptcy Code, utilities may discontinue service to a debtor if the debtor does not provide "adequate assurance of future performance" of its postpetition obligations in a form that is satisfactory to the utility, subject to the Court's ability to modify the amount of adequate assurance.

10. Debtor intends to pay when due all undisputed postpetition charges for Utility Services. Debtor expects its available cash will be more than sufficient to pay for Debtor's postpetition use. Nonetheless, Debtor proposes to maintain a sum of $2,500.00, equal to 50% of Debtor's estimated monthly cost of the Utility Services, less any deposits already held by any Utility Company as Adequate Assurance.

11. While the form of Adequate Assurance may be limited to the types of security enumerated in subsection 366(c)(1)(A) of the Bankruptcy Code, the determination of the amount of adequate assurance is within the discretion of the Court. It is well established that the requirement that a utility receive adequate assurance of payment does not require a guarantee of payment. *See In re Great Atl. & Pac. Tea Co., Inc.*, 2011 WL 5546954, at *5 (Bankr. S.D.N.Y. Nov. 14, 2011) (citing *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002); *In re Crystal Cathedral Ministries*, 454 B.R. 124, 131 (C.D. Cal. 2011); *In re Circuit City Stores*, 2009 WL 484553, at *4 (Bankr. E.D. Va. Jan. 14, 2009); *In re Steinebach*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not . . . absolute assurance. The key to achieving the balance required by § 366 is not to confuse adequate assurance with adequate protection, which must be provided to a creditor under 11 U.S.C. § 361.")); *see also In re New Rochelle Tel. Corp.*, 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008) ("Adequate assurance, however,

is not a guarantee of payment; rather, it is intended to guard against the utility assuming an unreasonable risk of non-payment."); *In re Santa Clara Circuits West, Inc.*, 27 B.R. 680, 685 (Bankr. D. Utah 1982); *In re George C. Frye Co.*, 7 B.R. 856, 858 (Bankr. D. Me. 1980).

12. Historically, whether a utility is subject to an unreasonable risk of nonpayment must be determined from the facts and circumstances of each case. *See Adelphia*, 280 B.R. at 80; *accord Great Atl. & Pac. Tea Co.*, 2011 WL 5546954, at *5; *In re Keydata Corp.*, 12 B.R. 156, 158 (Bankr. D. Mass. 1981). While section 366(c) limits the factors a court may consider, determinations of adequate assurance remain within the Court's discretion. *Cf. Great Atl. & Pac. Tea Co.*, 2011 WL 5546954, at *6; *Steinebach*, 303 B.R. at 642; *Adelphia*, 280 B.R. at 80; *In re Marion Steel Co.*, 35 B.R. 188, 195 (Bankr. D. Ohio 1983). Debtor believes that the proposed Adequate Assurance is sufficient and reasonable and constitutes adequate assurance of payment under section 366(c) of the Bankruptcy Code.

13. Providing a deposit of 50% of Debtor's estimated monthly cost of the Utility Services constitutes adequate assurance under section 366 of the Bankruptcy Code.

### The Utility Companies Will Not be Prejudiced by the Requested Relief

14. On a monthly basis, Debtor receives numerous individual invoices for Utility Services from its Utility Companies, with whom Debtor may have multiple utility accounts. To the best of Debtor's knowledge, there are no material defaults or arrearages with respect to undisputed Utility Service invoices, other than payment interruptions that may be caused by commencement of the Chapter 11 Case.

15. Because uninterrupted Utility Services are vital to the continued operation of Debtor's business and, consequently, to the success of its Chapter 11 Case, the relief requested herein is necessary and in the best interests of Debtor's estate and its creditors. Such relief ensures

that Debtor's business operations will not be disrupted, as well as providing Utility Companies and Debtor with an orderly, fair procedure for determining Adequate Assurance.

16. Accordingly, for all of the foregoing reasons, Debtor submits that cause exists for granting the relief requested herein.

### Notice

17. Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) counsel to Debtor's Secured Lenders; (iii) the holders of the twenty (20) largest unsecured claims against Debtor and (iv) the Utility Companies listed on Exhibit A. Notice of this Motion and any order entered hereon will be served in accordance with Local Rules (collectively, the "**Notice Parties**"). In light of the nature of the relief requested herein, Debtor submits that no other or further notice is necessary.

WHEREFORE, Debtor respectfully requests that the Court enter its Order granting the requested relief and such other and further relief as it deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

By: /s/ *Robert E. Eggmann*
ROBERT E. EGGMANN #37374MO
NATHAN R. WALLACE #74890MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
(314) 854-8600
(314) 854-8660 – FAX
ree@carmodymacdonald.com
nrw@carmodymacdonald.com

PROPOSED ATTORNEYS FOR DEBTOR

6

**Exhibit A**
Utilities Service Providers

| Provider | Type of Utility |
|---|---|
| Metropolitan St. Louis Sewer District<br>2350 Market Street<br>St. Louis, MO 63103-2555 | Water/Sewage |
| Spire<br>700 Market Street<br>St. Louis, MO 63101 | Natural Gas |
| Ameren Missouri<br>877 Horan Drive<br>Fenton, MO 63026 | Electric |
| Aspen Waste<br>13710 Green Ash Ct.<br>Earth City, MO 63045 | Trash |
| AT&T<br>1010 Pine St.<br>19 W-C-01<br>St. Louis, MO 63101 | Phone/Internet |