UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings Under Chapter 11 |
| | ) | |
| **DOUBLE HELIX CORPORATION,** | ) | Case No. 25-40745 |
| d/b/a KDHX COMMUNITY MEDIA, | ) | |
| | ) | |
| Debtor. | ) | |

MOTION FOR AUTHORITY TO PERFORM
OBLIGATIONS NECESSARY TO MAINTAIN EXISTING INSURANCE

COMES NOW Double Helix Corporation, d/b/a KDHX Community Media ("**Debtor**"), as debtor and debtor in possession, by and through its proposed counsel, and hereby requests that the Court enter an Order authorizing Debtor to (a) maintain insurance policies and agreements currently in effect and (b) honor obligations in respect thereof pursuant to Sections 105(a) and 363(b) of Title 11 of the United States Code (the "**Bankruptcy Code**"). Because the "Chapter 11 Operating Guidelines for Debtors-in-Possession and Trustees" (the "**U.S. Trustee's Guidelines**") and Rule 2015-3(B) of the Local Rules of the Bankruptcy Court for the Eastern District of Missouri require Debtor to maintain insurance, Debtor requests that this motion (the "**Motion**") be granted by the Court. In support of this Motion, Debtor respectfully represents as follows:

**INTRODUCTION**

1. On March 10, 2025 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri. Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No official committee of creditors has been established in this Chapter 11 case (the "**Chapter 11 Case**").

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND OF DEBTOR

3. Debtor maintains various insurance policies (collectively, the "**Insurance Policies**") through third-party insurance carriers (the "**Insurance Carriers**") as set forth in **Exhibit A** hereto. By this Motion, Debtor seeks authority to maintain the Insurance Policies and practices related thereto. Debtor also seeks authority to pay any obligations that come due under the Insurance Policies, including premiums and fees.

## LEGAL ANALYSIS

4. Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, Debtor seeks authorization to: (i) maintain and continue to make all postpetition payments (including postpetition fees and premiums), if any, with respect to the Insurance Policies on an uninterrupted basis; and (ii) maintain and continue on an uninterrupted basis Debtor's prepetition practices with respect to each policy or contract.

5. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process.

11 U.S.C. § 105(a). Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code.

6. Debtor must be permitted to maintain the Insurance Policies. If the Insurance Policies are allowed to lapse, Debtor will be exposed to substantial liability for any damages or losses resulting to persons and property of Debtor and others. The U.S. Trustee's Guidelines and applicable state law also require Debtor to maintain the Insurance Policies.

7. Moreover, if postpetition installment payments are not paid as they come due, the Insurance Carriers could seek relief from the automatic stay to terminate the Insurance Policies. If the Insurance Carriers succeed in such a request, Debtor would be forced to seek replacement insurance coverage. Even if Debtor were able to purchase replacement insurance coverage, it is doubtful that Debtor would be able to do so on terms and conditions as favorable as those presently in place under the current Insurance Policies. Moreover, given the current circumstances, there is no assurance that Debtor would be able to obtain replacement insurance quickly enough to prevent a lapse in coverage.

8. The Insurance Policies provide Debtor with essential insurance coverage. Any interruption in such coverage would expose Debtor to serious risks, including: (a) the possible incurrence of direct liability for the payment of claims that otherwise would have been payable by the Insurance Carriers; (b) the possible incurrence of material costs and other losses that otherwise would have been reimbursed by the Insurance Carriers; (c) the possible inability to obtain similar types and levels of insurance coverage; and (d) the possible incurrence of higher costs for re-establishing lapsed policies or obtaining new insurance coverage.

9. For these reasons, Debtor believes that maintaining continued and uninterrupted insurance coverage under the favorable terms and conditions provided by the Insurance Carriers clearly is in the best interests of Debtor, its estate, and its creditors. Accordingly, Debtor seeks authority to pay all of the postpetition installment payments as they come due.

10. Nothing herein shall constitute an admission that any policies, agreements, or other contracts described herein are "executory contracts" for purposes of Section 365 or otherwise of the Bankruptcy Code. To the extent that any Insurance Policy or any other agreement, policy, or contract described herein is deemed an executory contract within the meaning of Section 365 of the Bankruptcy Code, Debtor does not, at this time, intend to assume such agreements. Court authorization of payments will not be deemed to constitute postpetition assumption or adoption of an Insurance Policy or any of the other agreements subject to this Motion as an executory contract pursuant to Section 365 of the Bankruptcy Code. Debtor will review the Insurance Policies and other agreements and reserve all of its rights under the Bankruptcy Code with respect thereto.

## CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court enter an order:

(A) authorizing Debtor to maintain insurance policies and agreements currently in effect;

(B) authorizing Debtor to honor obligations in respect of such insurance policies and agreements pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code; and

(C) Granting such other and further relief as it deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

By: /s/ *Robert E. Eggmann*
ROBERT E. EGGMANN #37374MO
NATHAN R. WALLACE #74890MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
(314) 854-8600
(314) 854-8660 – FAX
ree@carmodymacdonald.com
nrw@carmodymacdonald.com

PROPOSED ATTORNEYS FOR DEBTOR

## Exhibit A

**Insurance Policies**

| Type of Insurance | Carriers |
| --- | --- |
| Employee Worker's Compensation<br>Employee Short Term Disability | The Hartford Group<br>One Hartford Plaza,<br>Hartford, CT 06155 |
| Property, Liability | Alliant Insurance Services, Inc.<br>18100 Von Karman Av, 10th Floor,<br>Irvine, CA 92612 |